```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUSTAFA OZSUSAMLAR,                       |
                                          |
            Ozsusamlar,                   |    10-CV-6655 (KMW) (HBP)
                                          |    02-CR-763 (KMW)
      -against-                           |
                                          |    ORDER ADOPTING
                                          |    REPORT AND
UNITED STATES,                            |    RECOMMENDATION
                                          |
            Respondent.                   |
------------------------------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Pro se petitioner Mustafa Ozsusamlar ("Ozsusamlar") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, vacating a judgment of conviction entered on February 1, 2007 and modified on July 18, 2008. Ozsusamlar filed an initial § 2255 petition in April 2009, which the Court denied on January 7, 2010. *Ozsusamlar v. United States*, No. 09 Civ. 3501, 2010 WL 69106 (S.D.N.Y. Jan. 7, 2010) (Wood, J.). Oszusamlar now moves to amend his original petition to add two additional claims for relief. [Civ. Dkt. No. 1].

On July 26, 2012, Magistrate Judge Henry B. Pitman issued a Report and Recommendation (the "Report"), which recommends denying Oszusamlar's motion for leave to amend because his new claims are time barred. [Civ. Dkt. No. 18]. Ozsusamlar timely filed objections to the Report on September 25, 2012. [Civ. Dkt. No. 22]. While his motion for leave to amend was pending, Ozsusamlar also filed a "Motion to Compel or in the Alternative Motion for Summary Judgment," [Civ. Dkt. No. 25], and a "Motion for Recusal of Trial Judge," [Civ. Dkt. No. 26].

For the reasons stated below, the Court ADOPTS the Report in its entirety, and DENIES Ozsusamlar's motions for leave to amend, to compel and for recusal.

1

**I.     RELEVANT BACKGROUND**

Oszusamlar was convicted for his role in a scheme to obtain fraudulent driver's licenses for illegal immigrants.[1]  *See Ozsusamlar*, 2010 WL 69106, at *1.  In May 2005, after a two-week trial, a jury convicted Oszusamlar on six counts, including bribery of a public official, fraud in connection with identification documents, and transportation of illegal aliens.  *Id.*  The Court sentenced him to a term of 235 months incarceration plus three years supervised release.[2]  *Id.* at *2.  Ozsusamlar timely appealed his conviction on the ground that the Court erred in denying his motion to suppress evidence seized during his arrest.  *Id.*  On May 22, 2008, the Second Circuit Court of Appeals affirmed Oszusamlar's conviction without issuing a written opinion.  *Id.*  On March 9, 2009, Ozsusamlar timely filed a § 2255 motion to correct, set aside, or vacate his sentence.  *Id.*  On January 10, 2010, this Court denied Oszusamlar's original § 2255 motion and declined to issue a certificate of appealability.  *Id.*  Oszusamlar again timely appealed.

On April 15, 2010, while his § 2255 appeal was pending, Ozsusamlar filed a motion requesting leave to file a second § 2255 petition in the District Court.  [Crim. Dkt. No. 116].  On June 10, 2010, this Court denied Ozsusamlar's request and held that Ozsusamlar needed permission from the Second Circuit in order to file a successive habeas petition.  [Civ. Dkt. No. 6].  On July 1, 2010, Oszusamlar requested such permission from the Second Circuit.  [App. Dkt. No. 2 (No. 10-2609)].  The Second Circuit ultimately denied Oszusamlar's appeal of the denial of his original habeas motion, [App. Dkt. No. 29 (No. 10-497)], but held that the Court improperly dismissed Oszusamlar's second § 2255 petition because it was filed before the appeal

---

[1] The details of Oszusamlar's crime and trial are set out more fully in the Court's prior habeas opinion, familiarity with which is assumed.  *See Oszusamlar*, 2010 WL 69106.

[2] Oszusamlar has also been sentenced to 188 months imprisonment based on a 2006 conviction for conspiracy to commit murder for hire, murder for hire, and conspiracy to commit extortion.  That sentence is to run consecutively with the 235 months imposed by this Court.

of his original petition was finalized, [App. Dkt. No. 14 (No. 10-2609)].  Accordingly, the Second Circuit transferred the case back to this Court for "whatever further action" the Court deemed appropriate.

Ozsusamlar filed the instant motion, seeking leave to file a second habeas petition, on August 16, 2010.  [Civ. Dkt. No. 1].  This motion is virtually identical to the July 1, 2010 motion Ozsusamlar filed in the Second Circuit.  (*See* Mem. of Law in Opp'n 11 n.5 [Crim. Dkt. No. 122]).  In its opposition, the Government expressed concern over whether this motion constituted a "second or successive" application for relief, which first requires certification by the Second Circuit.  On March 11, 2011, Judge Pitman ruled that, due to its timing, the instant motion—like the July 1, 2010 motion—does not constitute a second or successive application for relief, but rather seeks to amend the original §2255 petition to add two additional claims.  [Civ. Dkt. No. 8].

## II.     MOTION FOR LEAVE TO AMEND

Oszusamlar's original petition sought to vacate his sentence on the grounds of ineffective assistance of counsel at sentencing, an unreasonable sentence, violations of his Sixth Amendment right to a speedy trial, and a violation of his *Miranda* rights.  *Oszusamlar*, 2010 WL 69106, at *2.  He now seeks to add two additional claims for ineffective assistance of counsel at trial.  The Report recommends dismissing Oszusamlar's motion for leave to amend because the new claims do not relate back to the original petition, and are thus time-barred.  The Court agrees with Judge Pitman's conclusions and adopts the Report in its entirety.

### A.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  The court must review de novo

those portions of a magistrate judge's disposition to which a party has submitted "specific written objections." Fed. R. Civ. P. 72(b)(2)-(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 37 (2d Cir. 1997) (noting that a party's failure to timely object to a magistrate's rulings may "operate as a waiver of any further judicial review of the decision"). To the extent that portions of the report are not objected to, or objected to with "conclusory or general arguments" or arguments that "simply reiterate[] th[ose] original[ly] presented to the magistrate judge," the court will review the magistrate judge's analysis "strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008) (Swain, J.); *see also* Fed. R. Civ. P. 72(b) advisory comm. note.

"The objections of parties appearing pro se are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Pantoja v. N.Y. State Div. & Bd. of Parole, Dist. Court*, No. 11 Civ. 9709, 2013 WL 865905, at *1 (S.D.N.Y. Mar. 8, 2013) (Seibel, J.) (quoting *Milano v. Astrue*, No. 05 Civ. 527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (Wood, J.)). Even a pro se petitioner's objections, however, "must be specific and clearly aimed at particular findings in the magistrate's proposal" to prevent "a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (Swain, J.)).

Construed leniently, Ozsusamlar's only specific objection to the Report is that, contrary to Judge Pitman's findings, his new claims relate back to his original petition and he should thus be permitted leave to amend. (Pet'r's Objections 9 [Dkt. No. 22]). That portion of the Report will be reviewed de novo, and the Court will take into account "the full factual record in this litigation . . . as well as the Report and applicable legal authorities." *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 288 (S.D.N.Y. 2009) (Marrero, J.).

B. <u>Analysis</u>

Ozsusamlar's original habeas petition sought to vacate, set aside, or correct his sentence on the grounds that (1) his sentence was unreasonable; (2) delays in his trial violated his Sixth Amendment right to a speedy trial; (3) arresting officers questioned him without reading him his *Miranda* rights; and (4) his trial counsel provided ineffective assistance at sentencing. *See Ozsusamlar*, 2010 WL 69106, at *2. In particular, Ozsusamlar claimed that trial counsel was ineffective because "he failed to present mitigating evidence at sentencing, and did not inform the Government that Ozsusamlar was serving as an informant for the INS with respect to an illegal alien smuggling operation." *Id.* at *3.

Ozsusamlar now seeks to add two new claims, alleging that his trial counsel was ineffective for (1) failing to object to a particular government exhibit on a variety of grounds, and (2) failing to raise facts that directly contradicted the testimony of four witnesses. Ozsusamlar argues that these new ineffective assistance of counsel claims relate back to his original petition because they "[do] not stray from his initial version of the facts pointing out counsel's failures during pre-trial and trial portions of the process." (Pet'r's Objections 11). The rest of Ozsusamlar's submission does not directly object to the Report, and therefore will not be considered.

1. <u>Legal Standard Governing Amendment of Habeas Petitions</u>

A petition pursuant to § 2255 must be brought within one year from the date of final conviction. 28 U.S.C. § 2255(f)(1). For the purposes of § 2255, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," ninety days after the Court of Appeals' determination. *Clay v. United States*, 537 U.S. 522, 525 (2003). After that, petitions may be amended only if

the new claims "relate back" to the original petition, meaning that they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). It is not sufficient for a claim to simply come from the same "trial, conviction, or sentence." *Id.* at 662-64. Rather, relation back is permitted only insofar "as the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 664.

In *Mayle*, for example, the initial petition alleged that petitioner's Sixth Amendment rights had been violated by the admission of videotaped testimony. *Id.* at 648. After the one-year limitation period had expired, the petitioner sought to amend his petition to add a claim that the police had violated his Fifth Amendment rights by using coercive tactics in pretrial interrogation. *Id.* at 649. The *Mayle* Court found that the new claim was not "tied to a common core of operative facts," *id.* at 664, because it was "separated in time and type" from the original claim, *id.* at 657. Permitting amendment only in narrow circumstances, the *Mayle* Court explained, was necessary to effectuate the strict one-year statute of limitations for filing habeas petitions. *Id.* at 662.

Proposed amendments must satisfy the *Mayle* standard even where both the original claims and the new claims are for ineffective assistance of counsel. *See Veal v. United States*, No. 01 Civ. 8033, 2007 WL 3146925, at *5 (S.D.N.Y Oct. 9, 2007) (Robinson, J.) (rejecting request to amend petition to add claim of ineffective assistance where original petition also asserted claims for ineffective assistance). Thus, for Oszusamlar's new claims to relate back to

his original petition, they must arise out of the same "common core of operative facts" as his original claims. *Mayle*, 545 U.S. at 664.

### 2. Applying this Standard, Ozsusamlar's New Claims Do Not Relate Back to His Original Petition

The Court finds that Ozsusamlar's new claims do not relate back to the original petition and, as a result, are time barred. Although both sets of claims assert that counsel provided ineffective assistance, "it is not sufficient for an untimely amendment merely to assert the same general type of legal claim as in the original § 2255 motion." *Veal*, 2007 WL 3146925, at *4 (internal quotation marks omitted). Rather, Ozsusamlar's additional claims must have a clear temporal and factual connection to those raised in his original petition. *Mayle*, 545 U.S. at 650.

The new claims do not share a "common core of operative facts" with Oszusamlar's original claims. Oszusamlar's original petition argued that his counsel was ineffective for failing to present mitigating factors *at sentencing*, but his new claims assert that counsel was ineffective for failing to move to suppress evidence and failing to confront several witnesses *at trial*. The claims are both (1) unconnected in time, as the new claims relate to counsel's performance at trial, whereas his original claims relate to counsel's performance at sentencing, and (2) unconnected in type, as the new claims address evidence relating to Oszusamlar's guilt, whereas his original claims addressed mitigating evidence at sentencing. *See, e.g.*, *Veal*, 2007 WL 3146925, at *6 (no relation back where ineffective assistance of counsel claims in the petition related to strategic decisions during trial, but the claims in the proposed amendment were based on conduct during pretrial negotiations); *see also William v. Marshall*, No. 09 Civ 7411, 2011 WL 1334849, at *4 (S.D.N.Y. Mar. 30, 2011) (Dollinger, Magis. J.) (holding that defense counsel's post-trial performance is a "separate episode entirely" from prosecutor's failure to offer sufficient credible evidence at trial). Because Oszusamlar's new claims do not arise from

7

the same "common core of operative facts" as his original claims, the Court finds that the amended claims do not relate back to Oszusamlar's original petition and are thus time barred.

The Court adopts Judge Pitman's Report and agrees that Ozsusamlar's amended complaint is time barred and thus futile. Consequently, Ozsusamlar's motion for leave to amend is DENIED.

### C. Motion for Evidentiary Hearing and New Trial

As part of his objections, Ozsusamlar moved for an evidentiary hearing and a new trial. Since Ozsusamlar first made these motions in his objections, they cannot properly be considered. As such, his requests are DENIED.

## III. OTHER PENDING MOTIONS

Ozsusamlar has also filed a "Motion to Compel or in the Alternative Motion for Summary Judgment," [Dkt. No. 25], and a "Motion for Recusal of Trial Judge," [Dkt. No. 26]. Because Ozsusamlar is appearing pro se, the Court construes these motions "liberally and interpret[s] them to raise the strongest arguments they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citations omitted). In light of this standard, the Court considers Ozsusamlar's claims on the merits. *See Romero v. United States*, Nos. 04 Cr. 1108, 12 Civ. 3042, 2013 WL 1093073, at *3 n.1 (S.D.N.Y. March 15, 2013) (Marrero, J.). While the pro se litigant is afforded some leniency, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### A. Motion to Compel or in the Alternative Motion for Summary Judgment

On January 24, 2013, Ozsusamlar moved to compel the Government to respond to Ozsusamlar's objections to the Report. (Mot. to Compel 2 [Dkt. No. 25]). Ozsusamlar argues that, in failing to respond, the Government has acquiesced to Ozsusamlar's position, rendering Respondent in so-called "default." (*Id.*) Ozsusamlar asked the Court to compel the Government to answer and, if it failed to do so, to grant Ozsusamlar summary judgment on his claim. (*Id.*)

Even construed liberally, Ozsusamlar's argument is misplaced. Rule 72 explains that a party "*may* respond to another party's objections," but imposes no requirement to do so. Fed. R. Civ. P. 72(b)(2) (emphasis added). Respondent does not face any of the consequences Ozsusamlar suggests; in not filing a response, Respondent has not "acquiesced" to Ozsusamlar's position, but simply elected not to respond. *Cf. Mak v. United States*, No. 95 Cv. 2883, 1996 WL 705448, at *1 (E.D.N.Y Nov. 27, 1996) (a non-movant's failure to file papers in opposition to a motion does not necessarily entitle the movant to default judgment on that motion). Consequently, Ozsusamlar's motion is DENIED.

### B. Motion for Recusal of Trial Judge

Ozsusamlar argues that the Court should recuse itself from this proceeding. (Mot. for Recusal 1 [Dkt. No. 26]). Although Ozsusamlar's motion for recusal does not include the formal affidavit required pursuant to 28 U.S.C. § 144, the Court will nonetheless address the merits of his motion. *See Gottlieb v. S.E.C.*, No. 05 Civ. 2401, 2007 WL 646382, at *3 (S.D.N.Y Feb. 27, 2007) (Preska, J.).

A party may move to recuse a judge in any proceeding "in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal motions are determined by the judge who is being asked to recuse herself. *See Apple v. Jewish Hosp. & Med.*

*Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).  In determining whether recusal is warranted, the judge must review the motion by an objective standard, asking "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'"  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)); *see also Ramirez v. United States*, No. 10 Civ. 4343, 2012 WL 3834675, at *1 (S.D.N.Y. Aug. 22, 2012) (Pauley, J.) (noting that judges are presumed to be impartial).  "Litigants are entitled to an unbiased judge; not to a judge of their choosing," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), and as such, a recusal motion should not be used as a strategic judge-shopping device, *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (Sweet, J.).

Applying these principles, Ozsusamlar has failed to overcome the presumption of this Court's impartiality.  Ozsusamlar raises a host of reasons why this Court should recuse itself, including that this Court presided over Ozsusamlar at trial and sentencing, and thus should not decide the claims in his § 2255 petition.  On the facts presented, no objective observer would believe that the Court's impartiality might reasonably be questioned.  The Rules governing § 2255 petitions instruct the Clerk of Court to forward petitions to the judge who presided over the petitioner's trial and sentencing.  *See* Rules Governing § 2255 Proceedings 4(a),  28 U.S.C.A. foll. § 2255.  Accordingly, the fact that this Court presided over Ozsusamlar's criminal case does not support the request for recusal.  *See Liteky v. United States*, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").

Because Ozsusamlar does not allege any other cognizable ground for recusal, Ozsusamlar's motion is DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court rejects all objections and ADOPTS Magistrate Judge Pitman's Report and Recommendation in its entirety. Ozsusamlar's motions for leave to amend, to compel or in the alternative for summary judgment, and for recusal are DENIED. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealabity will not issue. 28 U.S.C. § 2253. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


Dated: New York, New York
       August 28, 2013


/s/_____

Kimba M. Wood
United States District Judge